IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TINESHIA BARLOW,** | : Civil No. 1:21-cv-00586 |
| **Plaintiff,** | : |
| v. | : |
| **ALLENBERRY RESORT, ALLENBERRY RESORT AND LODGING, LLC,** *and* **MOWERY FISHER,** | : |
| **Defendants.** | : Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Before the court is the motion to dismiss the amended complaint filed by Defendant Allenberry Resort and Allenberry Resort and Lodging, LLC ("Allenberry"). (Doc. 21.) For the reasons set forth below, the motion will be denied.

**I.   BACKGROUND**

The amended complaint alleges as follows. From November 4, 2019 to December 17, 2020, Plaintiff Tineshia Barlow was an Assistant General Manager at Allenberry Resort, a resort and community in Boiling Springs, PA, owned and controlled by Defendants Allenberry Resort, Allenberry Resort and Lodging LLC, and Mowery Fisher. Upon hire, Ms. Barlow was promised the next available General Manager position.

On November 4, 2020, one year after she was hired, Ms. Barlow reported to her supervisor, General Manager Tabitha Lauro, that a co-worker referred to her as

1

"Flabby Tits" in a November 1, 2020 text message. (Doc. 19, ¶ 19.) General Manager Lauro emailed Ms. Barlow's complaint to management personnel Daniel Mowery, Katie Kennedy, and Mike Kennedy, and a human resources ("HR") representative recorded Ms. Barlow's complaint by phone later that day.

On November 11, 2020, the HR representative advised Ms. Barlow that Daniel Mowery addressed the incident. Ms. Barlow requested a meeting with management personnel, and she met later that day with Daniel Mowery and Katie Kennedy, who advised Ms. Barlow that they "put something in [the employee's] personnel file." (*Id.* ¶ 26.)

On November 30, 2020, General Manager Lauro resigned, but Ms. Barlow was not promoted to General Manager as promised, despite being qualified for the position and performing at or above expectation. Ms. Barlow was subsequently terminated on December 17, 2020 by written notice signed by Daniel Mowery on Mowery Fisher letterhead.

On March 30, 2021, Ms. Barlow filed the initial complaint in this action. (Doc. 1.) On May 21, 2021, after Allenberry and other defendants had moved to dismiss the complaint, Ms. Barlow filed the operative amended complaint. (Doc. 19.) Ms. Barlow's amended complaint alleges one count of retaliation under Title VII. She avers that Defendants unlawfully retaliated against her by failing to promote and

ultimately terminating her because she complained of sexual harassment and a hostile work environment.

Allenberry has timely filed a motion to dismiss Ms. Barlow's amended complaint. (Doc. 21.) The motion argues the complaint fails to plead that (1) Ms. Barlow's complaints to management amounted to protected activity; and (2) her complaints caused Defendants to fail to promote or to terminate her. The motion has been fully briefed and is ripe for review.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "When reviewing a 12(b)(6) motion, we 'accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them.'" *Estate of Ginzburg by Ermey v. Electrolux Home Prods., Inc.*, 783 F. App'x 159, 162 (3d Cir. 2019) (quoting *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018)). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). But "[t]he court is not required to draw

3

unreasonable inferences" from the facts.  5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard.  *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2014).  First, the court outlines the elements a plaintiff must plead to state a claim for relief.  *Id*. at 365.  Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth."  *Id*.  Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'"  *Id*. (quoting *Iqbal*, 556 U.S. at 679).  The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

### III. DISCUSSION

Title VII makes it unlawful for an employer to "discriminate against any of his employees . . . because [she] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  To state a prima facie retaliation claim under Title VII, the plaintiff must allege that (1) she engaged in activity protected by Title VII; (2) her employer took adverse employment action

against her; and (3) there was a causal nexus between the protected activity and the adverse employment action. *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006).

### a. The amended complaint adequately alleges that Ms. Barlow engaged in a protected activity.

Allenberry's motion argues that the complaint fails to allege a protected activity. To satisfy the first element of a retaliation claim under Title VII, the plaintiff must allege either that she opposed a discriminatory employment practice or participated in a proceeding or investigation of such a practice. *See* 42 U.S.C. § 2000e-3(a). Informal opposition to discriminatory employment practices, including complaints to management, constitute protected activity. *Moore*, 461 F.3d 331.

In order for opposition to discrimination to form a protected activity, the plaintiff must have a "good faith, reasonable belief that the activity she opposed is unlawful under Title VII." *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 322 (3d. Cir. 2008). This standard demands an objective determination of reasonableness, but it does not probe the merits of the underlying employment discrimination complaint. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996). A discrimination complaint is a protected activity unless "no reasonable person could have believed the underlying incident complained about constituted unlawful discrimination." *Wilkerson*, 522 F.3d at 322.

Here, the amended complaint adequately alleges that Ms. Barlow engaged in protected activity by complaining to management and human resources that her co-worker called her "Flabby Tits." (Doc. 19, ¶¶ 19–20.)  A reasonable person could believe that the comment, which references Ms. Barlow's breasts and implicates sex-based treatment, actually constituted unlawful discrimination or sexual harassment. Allenberry's arguments that Ms. Barlow's complaint implicated conduct that was not sufficiently severe or pervasive are not convincing.[1]  *See Magyar v. Saint Joseph Reg'l Med. Ctr.*, 544 F.3d 766, 771 (7th Cir. 2008) (finding that the plaintiff engaged in a protected activity by complaining to her supervisor that a coworker sat on her lap and whispered "you're beautiful" and noting that the "objective reasonableness of the belief is not assessed by examining whether the conduct was persistent or severe enough to be unlawful, but merely whether it falls into the category of conduct prohibited by the statute").  Ms. Barlow's amended complaint thus sufficiently alleges a protected activity.

---

[1] The authorities cited in Allenberry's motion do not compel the court to find that Ms. Barlow's belief was objectively unreasonable.  (Doc. 23, p. 6) (citing *Wilkerson*, 522 F.3d at 322, in which the court declined to hold, at the motion to dismiss stage, that Plaintiff's belief that mandatory attendance at a banquet allegedly involving ancestor worship violated her Christian beliefs was objectively unreasonable, despite the court's skepticism of reasonableness; and *Mufti v. Aarsand & Co.*, 667 F. Supp. 2d 535 (W.D. Pa. 2009), a non-binding decision granting summary judgment based on a finding that Plaintiff's belief was objectively unreasonable).

### b. The amended complaint adequately alleges that Ms. Barlow's protected activity caused an adverse employment action.

Allenberry's motion also argues that the amended complaint fails to adequately allege a causal connection between a protected activity and adverse employment action.  The third element of a retaliation claim under Title VII requires the plaintiff to allege facts permitting an inference that her "protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).  Determining causation is "highly context-specific" because it requires an inquiry into the motives of the employer. *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 178 (3d Cir. 1997).  It may be proven "in various ways," including by showing an "unusually suggestive temporal proximity between the protected activity and the adverse employment action," or "a pattern of antagonistic conduct subsequent to the protected conduct."  *Schlegel v. Koteski*, 307 F. App'x 657, 661–62 (3d Cir. 2009) (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 369 (3d Cir. 2008)).

While there is no bright-line rule whether timing is "unusually suggestive," the Third Circuit has held that two days is sufficiently proximate, but three months is not.  *Harrison-Harper v. Nike Inc.*, 788 F. App'x 846, 849 (3d Cir. 2019) (citing *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007) and *Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989)).  The Third Circuit has held

7

that "a temporal proximity greater than ten days requires supplementary evidence of retaliatory motive." *Blakney v. City of Phila.*, 599 F. App'x 183, 186 (3d. Cir 2014) (citing the "timing plus other evidence" test outlined in *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000)). A plaintiff can "rely upon a broad array of evidence" to establish a causal nexus. *Farrell*, 206 F.3d at 284.

Here, the amended complaint avers three main allegations to support causation. First, it alleges that Defendants failed to promote Ms. Barlow approximately three weeks after she discussed her complaint with management, and that it terminated her approximately five weeks after the discussion with management. Second, the amended complaint alleges that Ms. Barlow's supervisors changed their demeanor toward her shortly after she made her complaint. (Doc. 19, ¶ 30.) Third, the amended complaint alleges that similarly situated employees that did not complain about harassment were promoted or retained even though they were less experienced than Ms. Barlow.

These allegations are sufficient to plead causation. While the timing alleged in the complaint may not be unusually suggestive in and of itself, it is sufficiently proximate to permit a plausible inference of causation when combined with the additional allegations that Ms. Barlow's supervisors changed their demeanor towards her and treated less-experienced colleagues more favorably shortly after she complained about the comment. Viewed in their totality, these allegations satisfy

the "timing plus other evidence" outlined in *Farrell*. The amended complaint thus sufficiently alleges causation.[2]

## IV.  CONCLUSION

For the reasons explained above, the court will deny Allenberry's motion to dismiss the amended complaint. An appropriate order shall follow.

*s/Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: September 30, 2021

---

[2] Allenberry also argues that a layoff notice attached to its motion shows that it terminated Ms. Barlow because of the COVID-19 pandemic rather than in retaliation for her discrimination complaints. Assuming that the notice may be properly considered at this stage, however, it does not disprove Ms. Barlow's claims or otherwise preclude an inference of causation. *See Young v. City of Phila. Police Dep't,* 651 F. App'x 90, 95–97 (3d Cir. 2016) (distinguishing the less exacting causation standard required at the prima facie stage from that required at the pretext stage when the plaintiff must prove that engagement in the protected activity was the real, but-for cause for employer's actions).