IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TINESHIA BARLOW,** | : | **Civil No. 1:21-cv-00586** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALLENBERRY RESORT et al.,** | : | |
| | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is Defendant Mowery Fisher's motion to dismiss the amended complaint. (Doc. 24.) For the reasons set forth below, the motion will be denied.

## I.  BACKGROUND

The amended complaint alleges as follows. From November 4, 2019 to December 17, 2020, Plaintiff Tineshia Barlow was an Assistant General Manager at Allenberry Resort, a resort and community in Boiling Springs, Pennsylvania, owned and controlled by Defendants Allenberry Resort, Allenberry Resort and Lodging LLC ("Allenberry"), and Mowery Fisher. Upon hire, Ms. Barlow was promised the next available General Manager position.

On November 4, 2020, one year after she was hired, Ms. Barlow reported to her supervisor, General Manager Tabitha Lauro, that a co-worker referred to her as "Flabby Tits" in a November 1, 2020 text message. (Doc. 19, ¶ 19.) General

Manager Lauro emailed Ms. Barlow's complaint to management personnel Daniel Mowery, Katie Kennedy, and Mike Kennedy, and a human resources ("HR") representative recorded Ms. Barlow's complaint by phone later that day.

On November 11, 2020, the HR representative advised Ms. Barlow that Daniel Mowery had addressed the incident. Ms. Barlow requested a meeting with management personnel, and she met later that day with Daniel Mowery and Katie Kennedy, who advised Ms. Barlow that they "put something in [the employee's] personnel file." (*Id.* ¶ 26.)

On November 30, 2020, General Manager Lauro resigned, but Ms. Barlow was not promoted to General Manager as promised, despite being qualified for the position and performing at or above expectation. Ms. Barlow was subsequently terminated on December 17, 2020 by written notice signed by Daniel Mowery on Mowery Fisher letterhead.

On March 30, 2021, Ms. Barlow filed the initial complaint in this action (Doc. 1), which Mowery Fisher and co-defendant Midway Bowl, LLC together answered. (Doc. 17.) Ms. Barlow subsequently filed the operative amended complaint (Doc. 19) in response to the other defendants' motion to dismiss the initial complaint. Ms. Barlow's amended complaint alleges one count of retaliation under Title VII. She avers that Defendants unlawfully retaliated against her by failing to promote and

ultimately terminating her because she complained of sexual harassment and a hostile work environment.

Mowery Fisher has timely moved to dismiss Ms. Barlow's amended complaint. (Doc. 24.)  The motion has been fully briefed and is ripe for review.

## II.    <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  "When reviewing a 12(b)(6) motion, we 'accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them.'"  *Estate of Ginzburg by Ermey v. Electrolux Home Prods., Inc.*, 783 F. App'x 159, 162 (3d Cir. 2019) (quoting *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018)). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted).  But "[t]he court is not required to draw unreasonable inferences" from the facts.  5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2014).

First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id*. at 365.   Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth."   *Id*.   Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'"   *Id*. (quoting *Iqbal*, 556 U.S. at 679).   The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## III.   <u>DISCUSSION</u>

### a.  **Mowery Fisher is a proper defendant.**

Mowery Fisher's motion argues that it should be dismissed from the suit because it is merely a fictitious name of a non-party and therefore not a proper defendant.  Federal Rule of Civil Procedure 17(b) governs whether a party has the capacity to be sued in federal court.  FED. R. CIV. P. 17(b)(2)–(3) (providing that a corporation's capacity to be sued is determined "by the law of the state under which it was organized; and for all other parties, by the law of the state where the court is located"); *see also Plechner v. Widener Coll., Inc.*, 569 F.2d 1250, 1262 (3d Cir. 1977) (applying Pennsylvania law to determine an unincorporated association's capacity to be sued under Rule 17(b)).  Because Mowery Fisher is registered in Pennsylvania as the fictitious name for Midway Bowl, LLC, an entity organized

4

under the laws of Pennsylvania,[1] and because this court sits in Pennsylvania, Pennsylvania law indisputably controls.

Under Pennsylvania law, "[t]he use of a fictitious name does not create a separate legal entity, but is merely descriptive of a person or corporation who does business under another name." *Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 453 (E.D. Pa. 2019) (internal quotation marks omitted).  A company does not create a separate, distinguishable legal entity by merely registering or using a fictitious name.  *Id.*  Pennsylvania rules require actions "be prosecuted by or against [an entity] in its corporate name," which is "any name, real or fictitious, under which a corporation or similar entity was organized, or conducts business."  PA. R. CIV. P. 2176–77; *see also Plechner*, 569 F.2d at 1262 (citing Pennsylvania Rules to determine the name in which an entity can be sued).

It follows then that Mowery Fisher is Midway Bowl, LLC, and as such, all claims against Midway Bowl, LLC can be prosecuted against Mowery Fisher.[2]  *See Miller v. O'Brien Constr., Inc.*, No. 4:19-CV-01611, 2020 WL 708986 *1 (M.D. Pa.

---

[1] In deciding this motion, the court considers Mowery Fisher's attached corporate documents (Doc. 24-2), available on the Pennsylvania Department of State website, as a public record.  *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

[2] Mowery Fisher does not carry its burden to show that Ms. Barlow cannot levy this action against its fictitious name.  Mowery Fisher argues that is only a "nominal party" and lacks "stake in the outcome of this litigation," but the case it cites distinguishes "real and substantial parties" from "nominal parties" only in the context of determining diversity subject matter jurisdiction.  *Gentry*, 383 F. Supp. 3d at 453–54.  *Gentry* does not support immunizing an entity from a suit against its fictitious name.

Feb. 12, 2020). Midway Bowl, LLC cannot avoid liability simply because the suit is brought against its registered fictitious name.  Accordingly, Mowery Fisher is a proper defendant.

### b. The amended complaint adequately alleges that Mowery Fisher is Ms. Barlow's joint employer.

Mowery Fisher's motion also argues that it is not subject to joint employer liability because it was never Ms. Barlow's employer.  The Third Circuit recognizes that more than one entity can be a plaintiff's employer for purposes of Title VII. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015).  The Third Circuit has endorsed the multi-factor *Darden* test to determine whether an employment relationship exists.  *Id.* at 213–14 (referencing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992)).  The non-exhaustive *Darden* factors include:

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Darden*, 503 U.S. at 323–24.  Although no factor is dispositive, the Third Circuit has often focused on the purported employer's payment of salary, power to hire and fire, and control over daily employment activities.  *Faush*, 808 F.3d at 214 (internal quotation omitted).  A complaint with "a 'thin' factual record" on these factors can

survive a motion to dismiss, but the plaintiff must "allege *some* facts satisfying joint employer theory factors." *Rippy v. Phila. Dep't of Pub. Health*, No. 19-CV-1839, 2019 WL 4849439 *5 (E.D. Pa. Sept. 30, 2019) (internal quotation marks omitted).

Here, the amended complaint alleges that Defendants Mowery Fisher and Allenberry hired Ms. Barlow in November 2019, failed to promote her when a position opened in November 2020, and terminated her on December 17, 2020. (Doc. 19, ¶¶ 18, 27–29.) Additionally, Defendants' agents exercised supervisory duties: they received her workplace complaints, were responsible for making decisions about her complaints, noted a coworker's file, and met with her about her complaints. (*Id.* at ¶¶ 21–26.) These facts support that Defendants had the power to hire and fire and controlled daily work activities. The amended complaint therefore plausibly alleges Mowery Fisher was Ms. Barlow's joint employer.

### c. **The amended complaint adequately alleges a Title VII retaliation claim.**

Finally, Mowery Fisher's motion contends that the amended complaint fails to state a claim for retaliation under Title VII.[3] Title VII makes it unlawful for an employer to "discriminate against any of his employees . . . because [she] has opposed any practice made an unlawful employment practice by this subchapter, or

---

[3] The motion additionally argues that Ms. Barlow failed to state claims for unlawful discrimination and a hostile work environment, but the amended complaint did not enumerate such claims, nor did Ms. Barlow argue that she asserted them. As such, the arguments need not be addressed.

because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To state a prima facie retaliation claim under Title VII, the plaintiff must allege that (1) she engaged in activity protected by Title VII; (2) her employer took adverse employment action against her; and (3) there was a causal nexus between the protected activity and the adverse employment action. *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006).

To satisfy the first element of a retaliation claim under Title VII, the plaintiff must allege either that she opposed a discriminatory employment practice or participated in a proceeding or investigation of such a practice. *See* 42 U.S.C. § 2000e-3(a). Informal opposition to discriminatory employment practices, including complaints to management, constitute protected activity. *Moore*, 461 F.3d 331. In order for opposition to discrimination to form a protected activity, the plaintiff must have a "good faith, reasonable belief that the activity she opposed is unlawful under Title VII." *Wilkerson v. New Media Tech. Charter Sch.*, *Inc.*, 522 F.3d 315, 322 (3d. Cir. 2008). This standard demands an objective determination of reasonableness, but it does not probe the merits of the underlying employment discrimination complaint. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996). A discrimination complaint is a protected activity unless "no

reasonable person could have believed the underlying incident complained about constituted unlawful discrimination." *Wilkerson*, 522 F.3d at 322.

The third element of a retaliation claim under Title VII requires the plaintiff to allege facts permitting an inference that her "protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).  Causation may be proven "in various ways," including by showing an "unusually suggestive temporal proximity between the protected activity and the adverse employment action," or "a pattern of antagonistic conduct subsequent to the protected conduct." *Schlegel v. Koteski*, 307 F. App'x 657, 661–62 (3d Cir. 2009) (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 369 (3d Cir. 2008)).

While there is no bright-line rule whether timing is "unusually suggestive," the Third Circuit has held that two days is sufficiently proximate, but three months is not.  *Harrison-Harper v. Nike Inc.*, 788 F. App'x 846, 849 (3d Cir. 2019) (citing *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007) and *Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989)).  The Third Circuit has held that "a temporal proximity greater than ten days requires supplementary evidence of retaliatory motive." *Blakney v. City of Phila.*, 599 F. App'x 183, 186 (3d. Cir 2014) (citing the "timing plus other evidence" test outlined in *Farrell v. Planters Lifesavers*

*Co.*, 206 F.3d 271, 280 (3d Cir. 2000)).  A plaintiff can "rely upon a broad array of evidence" to establish a causal nexus.  *Farrell*, 206 F.3d at 284.

Here, the amended complaint adequately alleges that Ms. Barlow engaged in a protected activity by complaining to management and human resources that her co-worker called her "Flabby Tits." (Doc. 19, ¶¶ 19–20.)  A reasonable person could believe that the comment, which references Ms. Barlow's breasts and implicates sex-based treatment, actually constituted unlawful discrimination or sexual harassment.

In addition, Ms. Barlow suffered an adverse employment action when she was terminated from her position, and the amended complaint adequately alleges a causal connection between the termination and prior complaint.[4]  According to the amended complaint, Defendants Mowery Fisher and Allenberry failed to promote Ms. Barlow approximately three weeks after she discussed her complaint with management, and that Defendants terminated her approximately five weeks after the discussion with management.   Additionally, the amended complaint alleges that Ms. Barlow's supervisors changed their demeanor toward her shortly after she made her complaint. (Doc. 19, ¶ 30.)   Finally, the amended complaint alleges that similarly situated

---

[4] Ms. Barlow is not required, as Mowery Fisher's motion argues, to plead specifically that she applied or interviewed to be promoted.  *See Hagan v. Leon*, No. 3:17-CV-2155, 2018 WL 2292756, at *3 (M.D. Pa. May 18, 2018) (noting that federal courts operate under a notice pleading system that does not require "magic words" to state a claim) (internal citation omitted).  She pleaded that she was qualified and performing at or above the employer's expectations and that she was not promoted despite promises to the contrary. (Doc. 19, ¶¶ 27–28.)

employees that did not complain about harassment were promoted or retained even though they were less experienced than Ms. Barlow.

These allegations are sufficient to plead causation. While the timing alleged in the complaint may not be unusually suggestive in and of itself, it is sufficiently proximate to permit a plausible inference of causation when combined with the additional allegations that Ms. Barlow's supervisors changed their demeanor towards her and treated less-experienced colleagues more favorably shortly after she complained about the comment. Viewed in their totality, these allegations satisfy the "timing plus other evidence" outlined in *Farrell*. The amended complaint thus sufficiently alleges retaliation under Title VII.[5]

## IV.   **CONCLUSION**

For the reasons explained above, the court will deny Mowery Fisher's motion to dismiss the amended complaint.   An appropriate order shall follow.

> *s/Sylvia H. Rambo*
> SYLVIA H. RAMBO
> United States District Judge

Dated: September 30, 2021

---

[5] Mowery Fisher also argues that a layoff notice attached to its motion shows that it terminated Ms. Barlow because of the COVID-19 pandemic rather than in retaliation for her discrimination complaints. Assuming that the notice may be properly considered at this stage, however, it does not disprove Ms. Barlow's claims or otherwise preclude an inference of causation. *See Young v. City of Phila. Police Dep't*, 651 F. App'x 90, 95–97 (3d Cir. 2016) (distinguishing the less exacting causation standard required at the prima facie stage from that required at the pretext stage when the plaintiff must prove that engagement in the protected activity was the real, but-for cause for employer's actions).